IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HENRY NEWTON, | : | CIVIL NO. 3:07-CV-1254 |
| Plaintiff, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| EARL REITZ, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff, Henry Newton, filed the instant civil rights action on July 11, 2007. (Doc. 1.) The only remaining defendants are Lisa Smith ("Smith") and Mike Carey ("Carey").[1] Presently pending is a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) filed on behalf of defendant Smith. (Doc. 39). For the reasons set forth below, the motion will be granted. Also pending is defendant Carey's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Doc. 54). Plaintiff failed to file an appropriate response to the motion. He was therefore afforded an opportunity to respond to the motion in accordance with Federal Rule of Civil Procedure 56 and Local Rule 56.1, and was advised that his failure to timely respond would result in the motion being deemed unopposed. (Doc. 55, citing Stackhouse v. Mazurkiewicz, 951 F.2d 29 (3d Cir. 1991).) Plaintiff failed to respond to the motion. Consequently, the motion will be deemed unopposed and granted.

---

[1] Plaintiff's complaint against defendants Reitz and Prime Care was dismissed pursuant to 28 USC § 1915 (e)(2)(B)(ii) 2) on July 31, 2007. (Doc. 8.)

I.   **MOTION TO DISMISS**

    A.   Allegations of the Complaint

According to plaintiff, while incarcerated at the Cumberland County Prison, he experienced chronic and severe pain. He states that he notified defendant Smith, the health services administrator, *inter alia*, that he was receiving inadequate treatment. (Doc. 1, at 3.) He also alleges that she acted with "callous indifference" by not addressing his pain in response to grievances he filed and by not supervising her employees and "letting N.A.s to distribute medicines." (Id. at 5.)

    B.   Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice pleading rules require the plaintiff to present facts that, if true,

demonstrate a plausible right to relief. See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, 550 U.S. 504, 127 S. Ct. 1955, 1965 (2007) (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"); Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007). Thus, courts should not dismiss a complaint for failure to state a claim if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory, Twombly, 550 U.S. at ___, 127 S. Ct. at 1969). Additionally, although the factual allegations still must be enough to raise a right to relief above the speculative level, a *pro se* complaint should be liberally construed. Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004).

C.     Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d

1199, 1204 (3d Cir. 1996). To demonstrate a prima facie case of Eighth Amendment cruel and unusual punishment based on the denial of medical care, as is alleged here, a plaintiff must establish that defendants acted "with deliberate indifference to his or her serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976); Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993).

There are two components to this standard: First, a plaintiff must make an "objective" showing that the deprivation was "sufficiently serious," or that the result of the defendant's denial was sufficiently serious. Additionally, the plaintiff must make a "subjective" showing that defendant acted with "a sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991); see also Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002). The "deliberate indifference to serious medical needs" standard is obviously met when pain is intentionally inflicted on a prisoner, when the denial of reasonable requests for medical treatment exposes the inmate to undue suffering or the threat of tangible residual injury, or when, despite a clear need for medical care, there is an intentional refusal to provide that care. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (quoting White v. Napoleon, 897 F.2d 103, 109 (1990); Monmouth County Corr. Inst. Inmates v. Lensario, 834 F.2d 326, 346 (3d Cir. 1987).

When an inmate is provided with medical care and the dispute is over the adequacy of that care, an Eighth Amendment claim does not exist. Nottingham v. Peoria, 709 F. Supp. 542, 547 (M.D.Pa. 1988). Mere disagreement as to the proper medical treatment does not

4

support an Eighth Amendment claim. Monmouth County Correctional Inst. Inmates v. Lensario, 834 F.2d 326, 346 (3d Cir. 1987). Only flagrantly egregious acts or omissions can violate the standard. Medical negligence alone cannot result in an Eighth Amendment violation, nor can any disagreements over the professional judgment of a health care provider. White v. Napoleon, 897 F.2d 103, 108- 10 (1990).

There is no question that Plaintiff was provided medical treatment and that he simply disagrees with the treatment received and the manner in which medication was distributed. As noted above, when medical care is provided and the dispute is over the adequacy of the care, no Eighth Amendment claim exists.

He also attempts to impose liability on Smith based on her supervisory role. In order to make out a claim under Section 1983, a plaintiff must establish that each defendant had personal involvement in the alleged wrongs since liability cannot be predicated solely on the operation of *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Thus, individual liability can be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. Rode, *supra*. Plaintiff simply states that Smith did not supervise the distribution of medication. He does not allege that he she was personally involved in any wrongdoing.

Also, accepting plaintiff's allegations as true, although it is apparent that Smith was personally involved in responding to plaintiff's grievances, participation in the after-the-fact review of a grievance is not enough to establish personal involvement. See Brooks v. Beard,

167 Fed. Appx. 923, 925 (3d Cir. 2006) (holding that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to a prison grievance, did not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct). Because plaintiff seeks to impose liability based on Smith's role in the grievance procedure, not on any involvement in the underlying deprivation, this portion of the complaint is subject to dismissal.

Moreover, the United States Court of Appeals for the Third Circuit held in <u>Durmer</u> that a non-physician defendant cannot be held liable for being deliberately indifferent to an inmate's medical needs where, as here, the inmate is receiving treatment from the institution's health care staff. <u>Durmer</u>, 991 F.2d at 69.

D. <u>Conclusion</u>

For the foregoing reasons, the motion to dismiss (Doc. 39) will be granted and the complaint against defendant Smith will be dismissed in its entirety.

## II. Motion for Summary Judgment

A. <u>Statement of Material Facts</u>[2]

Defendant Carey sets forth the following pertinent statements of facts:

4. In Plaintiff's complaint the only allegation against defendant Mike Carey

---

[2] Defendants filed a statement of material facts on August 28, 2008 (Doc. 54-3). "All material facts set forth in the statement required to be served by the moving party will be deemed admitted unless controverted by the statement required to be served by the opposing party." L.R. 56.1. Plaintiff did not contest the defendant's statement. Therefore, the statement, which is adequately supported by the record, is deemed admitted and adopted in toto.

is that he was aware of the medical department's failure to address Mr. Newton's pain. See Exhibit "A."

5. On July 25, 2008, Plaintiff's deposition was taken. See Deposition attached hereto and incorporated herein as Exhibit "B."

6. Mr. Carey is the Deputy Warden for Treatment at Cumberland County Prison. See Exhibit "A."

7. Mr. Carey is not a physician. See Exhibit "B" page 87, lines 14-16.

8. Mr. Newton was incarcerated at Cumberland County Prison from August 28, 2006 until October 11, 2007. See Exhibit "B" page 15, lines 20-24.

9. Mr. Newton was also incarcerated at Cumberland County Prison from August 24, 2004 to March of 2005. See Exhibit "B" page 16, lines 5-14.

10. During Mr. Newton's incarcerations at Cumberland County Prison, co-defendant Prime Care provided medical treatment and services to the inmates. See Exhibit "B" page 35, lines 24-25 and page 35, lines 1-2.

11. Plaintiff admits that he regularly received medical attention at Cumberland County Prison. See Exhibit "B" page 43, lines 22-25 and page 44, lines 1-5.

12. However, plaintiff testified that he does not believe his medical treatment was "up to medical standards." See Exhibit "B" page 44, lines 4-5.

13. Plaintiff admits that he was prescribed medications during his incarcerations at Cumberland County Prison. See Exhibit "B" generally and Exhibit "B" page 43, lines 23-25 and page 43, lines 1-25 and page 44, lines 11-25.

14. Some of the medications Mr. Newton was prescribed while at Cumberland County Prison were Maalox, Prilosec, Zantac, Ultram, Tylenol ES, Motrin, and Klonopin.

15. Plaintiff admits that he had two neck x-rays conducted during his second incarceration at Cumberland County Prison. See Exhibit "B" page 45, lines 108.

16. Plaintiff admits that he had a couple of G.I. series performed at Carlisle Regional Medical Center during his second incarceration at Cumberland County Prison. See Exhibit "B" page 58, lines 1-25.

17. Plaintiff complained to Mr. Carey that he was not getting his medication. See Exhibit "B" page 64, lines 1-15.

18. Mr. Carey contacted Prime Care employee Lisa Smith regarding Mr. Newton's complaints regarding his medications. See Exhibit "B" page 67, lines 6-25 and page 68, lines 1-23.

19. Prime Care responded to plaintiff's complaints as would the Warden. See Exhibit "B" page 68, lines 23-25 and page 69 lines 1-3.

20. Mr. Newton also complained to Mr. Carey about the following: 1.) Prime Care treating him for ulcers when he had a hiatal hernia; 2.) Sending him to see a doctor regarding his neck and 3.) Seeing a doctor for his stomach issues. See Exhibit "B" pages 72-73.

21. Mr. Newton's treatment for his stomach issues was the same at Cumberland County Prison as it had been at Albion State Correctional Institution. See Exhibit "B" pages 58-61.

22. Since Mr. Newton has been incarcerated no physician has opined that he needs to see a neurologist. See Exhibit "B" page 74, lines 1-5.

23. No doctor advised Mr. Newton that he should have received treatment from a gastroenterologist while incarcerated at Cumberland County Prison. See Exhibit "B" page 75, lines 5-12.

24. However, Mr. Newton testified that an unnamed doctor at Camp Hill advised him that if keeps having problems, he should be seen by a gastroenterologist. See Exhibit "B" page 75, lines 5-12.

25. No expert has opined that Mr. Newton's care was below standard. See Exhibit "B" page 84, lines 1-6.

26. No expert has opined that Mr. Carey was deliberately indifferent to any of Mr. Newton's medical condition.

27. There is no evidence that Mr. Carey prevented Mr. Newton from receiving medical care at Cumberland County Prison. <u>See</u> Exhibit "B" page 87, lines 3-10.

(Doc. 54-3, at 2-5).

    B.    <u>Standard of Review</u>

A court may grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is "material" if its existence or non-existence would affect the outcome of the suit under governing law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). An issue of fact is "genuine" when there is sufficient evidence from which a reasonable jury could find in favor of the non-moving party regarding the existence of that fact. <u>Id.</u> at 248-49. "In considering the evidence, the court should draw all reasonable inferences against the moving party." <u>El v. Se. Pa. Transp. Auth.</u>, 479 F.3d 232, 238 (3d Cir. 2007). "[S]ummary judgment is essentially 'put up or shut up' time for the non-moving party: the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." <u>Berckeley Inv. Group, Ltd. v. Colkitt</u>, 455 F.3d 195, 201 (3d Cir. 2006).

As noted above, plaintiff has failed to oppose defendant's motion.

    C.    <u>Discussion</u>

"[I]f a prisoner is under the care of medical experts . . . a non-medical prison official

will generally be justified in believing that the prisoner is in capable hands." Spruill, 372 F.3d at 236. Even when a non-physician completely ignores a prisoner's complaints, the fact that the non-physician is aware of the prisoner's on-going treatment by the prison doctor will preclude liability for the non-physician. Durmer, 991 F.2d at 69 n.16.

In the matter *sub judice*, in his deposition, plaintiff summarized defendant Carey's role as follows:

Q. And why did you sue Mike Carey?

A. Because since he is the Deputy Warden of Treatment, he is in a supervisory position over the medical department and as I have sent requests and grievances through the proper channels and notified Mike Carey about the performance of Prime Care and since he decided not to take no action and was notified of the cruel and unusual punishment, and the intention of filing the lawsuit.

Q. Did Mr. Carey ever prevent you from receiving medical care?

A. Nobody didn't offer us medical care either and when I said as it's - - - according to what I've looked into the case law and I've taken it that Prime Care was trying to get off as cheap as possible.

Q. I'm going to go back to something that was said if you don't mind. You said that Mr. Carey didn't offer us medical care. Mr. Carey is not a doctor; is he?

A. No, he's not, he's the Deputy Warden of Treatment. He is to oversee - - - he is in charge of Prime Care.

(Doc. 54-5, Exhibit "B," at 23, dep. at 86, lines 15-25; dep. at 87, lines 1-19.) It is undisputed that defendant Carey is not a physician. In addition, plaintiff admits that he regularly received medical attention from physicians and other medical professionals while

10

housed at the Cumberland County Prison. (Id., at 12, dep. at 42, lines 23-25; dep. at 43, 2-15; dep. at 44, 11-25.) Based upon an application of the standards announced in Durmer to the undisputed facts, defendant Carey's motion for summary judgment will be granted.

D.   Conclusion

For the foregoing reasons, defendant's motion for summary judgment (Doc. 54) will be granted.

An appropriate order accompanies this memorandum.

BY THE COURT:

_____
JUDGE JAMES M. MUNLEY
United States District Court

Dated: January 30, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HENRY NEWTON,** | : | **CIVIL NO. 3:07-CV-1254** |
| **Plaintiff,** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **EARL REITZ, et al.,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, to wit, this 30th day of January 2009, it is hereby **ORDERED** that:

1. Defendant Smith's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc.39) is GRANTED. Plaintiff's complaint against this defendant is DISMISSED in its entirety.

2. Defendant Carey's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 (Doc. 54) is DEEMED unopposed, see Stackhouse v. Mazurkiewicz, 951 F.2d 29 (3d Cir. 1991), and GRANTED. The Clerk of Court is directed to ENTER judgment in favor of defendant Carey and against plaintiff.

3. The Clerk of Court is further directed to CLOSE this case.

4. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court